IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ELAINE L. CHAO, SECRETARY OF LABOR, ET AL. | : | |
| | : | |
| v. | | CIVIL ACTION NO. S-97-4238 |
| | : | |
| MID-ATLANTIC INSTALLATION SERVICES, INC., ET AL. | : | |

### ORDER

This action, in which the Secretary of the Department of Labor alleged that M/A Telecommunications, Inc. and Comcast Cablevision violated the Fair Labor Standards Act, resulted in summary judgment granted to defendants. Thereafter, defendants Comcast and M/A Telecommunications filed timely requests for taxation of costs, pursuant to Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920. (*See* Paper Nos. 92 and 93) On August 24, 2001, the Fourth Circuit Court of Appeals issued a mandate on its judgment affirming the Court's grant of summary judgment. Given the issuance of the mandate, the taxation requests now are ripe for review.

1.  **M/A Telecommunications's Request**

Defendant MAT seeks $18,068 in costs associated with deposition expenses' service of process and witness fees; and copy work.

***Deposition Transcripts***

MAT seeks $15,037.05 for costs associated with a number of transcribed depositions.

Deposition costs may be taxed under Fed. R. Civ. P. 54(d) where they are necessary for the case. *See* ***Crawford Fitting Co. v. J.T. Gibbons, Inc.***, 482 U.S. 437 (1987). To determine if a deposition expense is taxable, a Court must "consider the extent of actual use of each deposition and whether the taking was reasonably necessary to the party's case in light of the particular

situation existing at the time of taking." While a judge may allow a deposition expense if the taking of that deposition was "reasonably necessary" in "light of the particular situation existing at the time of the taking," the undersigned's authority is more limited. In this district, the Clerk has traditionally allowed the costs associated with: (1) deposing the parties in the case and has allowed: (2) *depositions that were actually used in connection with the event that terminated the litigation*; (3) purchasing copies of depositions taken by opposing counsel; and (4) trial witness depositions.

Given the aforementioned restrictions of the Clerk's discretion, I shall award costs associated with the taking of all depositions in this case, with certain deductions. Costs for postage, reading, signing and handling fees are not recoverable. Furthermore, the cost per page for obtaining copies of deposition transcripts is $1.25. Consequently, costs shall be awarded as to this item in the amount of in the amount of $13,004.80.

*Service of Process and Deposition Witness Fees*

MAT seeks fees incidental to private service of deposition subpoenas, as well as attendance fees and mileage expenses for those witnesses attending depositions. The Clerk of the Court will tax reasonable private service fees for (1) summons and other initial process; (2) trial subpoenas as to witnesses who have testified at trial; and (3) deposition subpoenas as to depositions taxed as costs. Inasmuch as all depositions were taxed as costs, the full amount sought – $657.88 in witness fees and mileage and $950.00 for service of process fees – will be awarded. *See* 28 U.S.C. §§1821(b) and (c) and 1920(3).

*Copy Work*

In this district, "[P]hotocopying charges for pleadings are taxable...to the extent that the

copies are used as court exhibits or are furnished to the court or opposing counsel pursuant to procedural rules." ***Stratton v. Equitable Bank***, Civil Action No. HAR-88-1485; *see also **Sun Publishing Co., Inc v. Mecklenberg News, Inc.***, 594 F. Supp. 1512, 1524 (E. D. Va. 1984). Accordingly, the 6,726 pages of pleadings and court-mandated copies shall be taxed, at ten cents per page, for a total of $672.60.[1] All other copy work requests are denied.

2.  **Comcast's Request**

It appears that the depositions listed by Comcast for deposition cost reimbursement were used to support Comcast's successful summary judgment motion. Thus, Comcast is awarded costs associated with the taking of all depositions in this case, with certain deductions. As noted above, costs for postage, reading, signing and handling fees are not recoverable, and the cost per page for obtaining copies of deposition transcripts is $1.25. Consequently, costs shall be awarded as to this item in the amount of in the amount of $8,322.50. Comcast does not indicate the number of pages of copy work made in connection with the filing of pleadings in this case; accordingly, its request for $13,007.64 for copy work shall be denied in its entirety.

In accordance with the foregoing opinion, costs are hereby awarded in favor of defendant Comcast in the amount of $8,322.50 and in favor of defendant MAT in the amount of $15,285.28. The parties may seek review of this decision in accordance with the local rules of this Court. A copy of this Order shall be mailed to counsel.

DATED this ____ day of September, 2001.

Felicia C. Cannon
Clerk of Court

---

[1] Copy work associated with the appeal has been taxed separately. *See* Paper No. 109.